UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
DINO ANTOLINI,

                    Case No.: 1:19-cv-06578

              Plaintiff,

      -against-                   **ANSWER TO AMENDED COMPLAINT**

DAVID NOAM SHEMEL, 154-160 8th AVENUE CO.,
LLC, THOMAS KELLY, SAMUEL E. BEALL III,
SUZANNAM BEALL and MEXICUE HOLDINGS LLC,

              Defendants.
--------------------------------------------------------------------X

Defendant, 154-160 8th Avenue Co., LLC (hereinafter, "154-160 8th Ave."), by its attorneys Connell Foley LLP, as and for its Answer to Plaintiff's Amended Complaint ("Amended Complaint"), states upon information and belief, as follows:

## NATURE OF CLAIMS

1.      Denies any disability discrimination on the part of this defendant and any violation of the laws as alleged; and further denies that plaintiff is entitled to the relief sought herein.  Notwithstanding its denials, defendant refers all questions of law to the Court.

2.      Denies each and every allegation.

## JURISDICTION AND VENUE

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations and refers all questions of law to the Court.

4.      Denies and refers all questions of law to the Court.

## PARTIES

5.      Denies knowledge or information sufficient to form a belief.

6.      Denies knowledge or information sufficient to form a belief.

7.      Admits only that 154-160 8th Ave. Co., LLC owns the property located at 160 8th Avenue, New York, New York, 10011 and denies the remaining allegations.

8.      Admits that 154-160 8th Ave. Co., LLC is a New York domestic limited liability company that transacts business in the state of New York.

9.      Denies knowledge or information sufficient to form a belief.

10.     Admits that defendant leased the premises located at 160 8th Avenue, New York, New York, 10011 to Mexicue 160 8th Avenue LLC d/b/a Mexicue.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11.     Denies each and every allegation and refers all questions of law to the Court. Defendant further denies any allegation with respect to the plead location of 160 8th Avenue, New York, New York.

12.     Denies knowledge or information sufficient to form a belief and refers all questions of law to the Court.

13.     Denies.

14.     Denies.

15.     Denies.

16.     Denies.

17.     Denies knowledge or information sufficient to form a belief.

18.     Denies.

19.     Denies each and every allegation and refers all questions of law to the Court.

20.     Denies.

21.     Denies.

22.     Denies.

2

23.    Denies.

24.    This paragraph does not require and admission or denial. Notwithstanding, defendant refers all questions of law to the Court.

25.    Denies.

26.    Denies.

27.    Denies

28.    Denies.

29.    Denies knowledge or information sufficient to form a belief.

30.    Denies knowledge or information sufficient to form a belief.

## FIRST CAUSE OF ACTION

## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

31.    154-160 8th Ave. repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Amended Complaint referred to in the paragraphs designated "1" through "30" with the same force and effect as if set forth herein at length.

32.     Denies knowledge or information sufficient to form a belief.

33.    Denies knowledge or information sufficient to form a belief and refers all questions of law to the Court.

34.    Denies knowledge or information sufficient to form a belief and refers all questions of law to the Court.

35.    Denies.

36.    Denies.

37.    Denies.

38.    Denies.

39.     Denies.

40.     Denies.

41.     Denies knowledge or information sufficient to form a belief and refers all questions of law to the Court.

42.     Denies.

43.     Denies.

44.     Denies.

45.     Denies.

46.      Denies.

47.     Denies.

48.     Denies.

## SECOND CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK ST ATE EXECUTIVE LAW)

49.     154-160 8th Ave. repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Amended Complaint referred to in the paragraphs designated "1" through "48" with the same force and effect as if set forth herein at length.

50.     Denies knowledge or information sufficient to form a belief.

51.     Denies.

52.     Denies.

53.     Denies.

54.     Denies.

55.     Denies.

56.     Denies.

4

57.     Denies.

58.     Denies.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

59.     154-160 8th Ave. repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Amended Complaint referred to in the paragraphs designated "1" through "58" with the same force and effect as if set forth herein at length.

60.     Denies knowledge or information sufficient to form a belief.

61.     Denies knowledge or information sufficient to form a belief and refers all questions of law to the Court.

62.     Denies.

63.     Denies.

64.     Denies.

65.     Denies.

66.     Denies and refers all questions of law to the Court.

67.     Denies.

68.     Denies.

69.     Denies.

70.     Denies.

71.     Denies.

72.     Denies.

73.     Denies.

5170079-1

74.     Denies.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK ST ATE CIVIL RIGHTS LAW)

75.     154-160 8th Ave. repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Amended Complaint referred to in the paragraphs designated "1" through "74" with the same force and effect as if set forth herein at length.

76.     Denies.

77.     Denies.

78.     Denies knowledge or information sufficient to form a belief.

## FIFTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

79.     154-160 8th Ave. repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Amended Complaint referred to in the paragraphs designated "1" through "78" with the same force and effect as if set forth herein at length.

80.     Denies.

81.     Denies.

82.     Denies.

83.     Denies.

84.     Denies.

85.     Denies.

## INJUNCTIVE RELIEF

86.     Denies.

87.     Denies.

88.     Denies.

## DECLARATORY RELIEF

89.     Denies.

## ATTORNEYS' FEES, EXPENSES AND COSTS

90.     Denies.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

All limitations of liability made available by Article 16 of New York's C.P.L.R. may apply to defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The damages sustained by the plaintiff, if any, were caused by the action, inaction, negligence or carelessness of some third person over whom defendant had neither control nor responsibility.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Amended Complaint fails to state causes of action upon which relief may be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because plaintiff has sustained no injury arising from the conduct alleged.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the claimed violations are "de minimis" and nonactionable because they do not materially impair plaintiff's use of an area for an intended purpose.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the barrier removal(s) plaintiff seeks pursuant to the ADA are not "readily achievable" or easily accomplishable and able to be carried out without much difficulty of expense within the meaning of 42 U.S.C. §12181(9).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims that the places of public accommodation violated the ADA and/or other asserted statutes or codes are barred to the extent that said places of public accommodation were designed or constructed prior to the effective dates of the ADA and/or claimed statutes, codes, or regulations allegedly violated.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendant has made good faith efforts to comply with the ADA, the NYS Exec. Law, NYS Civil Rights Law and Administrative Code of the City of New York, including providing appropriate alternative access.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and/or its conduct was in conformity with all applicable statutes, governmental regulations, and industry standards during the time period at issue in the Amended Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendant has not denied access to plaintiff, nor any person with plaintiff's purported condition, to a service offered by a place of public accommodation.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The requested modifications, alterations, and/or barrier removal would impose undue hardship and/or undue burden on defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant did not receive actual or constructive notice of any violations alleged in the Amended Complaint prior to plaintiff's filing suit.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alterations allegedly made are sufficient in that they satisfy the "to maximum extent feasible" standard under C.F.R. §36.402(a)(l); 42 U.S.C. § 12183(a)(2).

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because with respect to any particular element that departs from accessibility guidelines, defendant has provided "equivalent facilitation" in the form of alternative design and technologies that provide substantially equivalent or greater access to and usability of the alleged areas of the facility.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under N.Y.C. Admin. Code§§ 8-101 et seq., because defendant at no time acted with malice or reckless indifference; defendant in good faith compiled with all applicable laws.

## AS AND FOR A SIXTTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that plaintiff failed to timely and properly exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of this action.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive and/or declaratory relief as there are other adequate remedies at law available to plaintiff and plaintiff is not nor will suffer irreparable harm.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because the premises provides access to persons with a disability including wheelchair consumers and fully complies with all applicable laws and guidelines.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred as to defendant, in whole or in part, because defendant does not control, manage, or have authority to alter, change, maintain or repair areas controlled and/or managed by co-defendants.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff has failed to mitigate any damages he may have suffered.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

The Amended Complaint is barred as to defendant, in whole or in part, because there are no access barriers as alleged.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because even if access barriers exist, there are alternative and readily accessible travel routes to allow the plaintiff access.

## AS AND FORA TWENTY-THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because defendant has made good faith efforts to comply with the ADA, New York State Executive Law, New York State Civil Rights Law, New York City Administrative Code, and Common Law, including providing appropriate alternative access.

10

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because plaintiff has refused to avail himself of accommodations made for him and instead has demanded extraordinary actions which are not required, necessary or practicable under the circumstances.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as plaintiff's claims are clarified during the course of litigation.

### CROSS-CLAIMS

### FIRST CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

If plaintiff suffered any injury, harm or other damages as alleged in the Amended Complaint, and if judgment or verdict is rendered against 154-160 8th Ave. then 154-160 8th Ave. shall be entitled to full contractual and/or common-law indemnity from any and all co-defendants herein, and any and all co-defendants shall indemnify, hold harmless and reimburse 154-160 8th Ave. for all costs and expenses incurred, including but not limited to attorneys' fees, judgment and other costs.

### SECOND CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

If plaintiff suffered any injury, harm or other damages as alleged in the Amended Complaint, and if judgment or verdict is rendered against 154-160 8th Ave. then any and all co-defendants will be liable to 154-160 8th Ave. and 154-160 8th Ave. shall be entitled to judgment against any and all co-defendants, for damages that arose out of the negligence, recklessness, carelessness, acts, omissions, breaches of obligation, contract and/or statute of co-defendants.

**WHEREFORE**, defendant, 154-160 8th Avenue Co., LLC, demands judgment

dismissing the Amended Complaint, together with costs, disbursements and attorneys' fees herein, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        September 16, 2019

                          CONNELL FOLEY LLP

                          Margot Wilensky (MW-3181)
                          Attorneys for Defendant,
                          *154-160 8th Avenue Co., LLC*
                          888 Seventh Avenue, 9th Floor
                          New York, New York 10106
                          Telephone: (212) 307-3700
                          Facsimile: (212) 262-0050
                          E-mail: mwilensky@connellfoley.com


TO:  All Counsel via ECF

5170079-1